UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------X
Nancy Adams,

                Plaintiff,

      -against-

Commercial Recovery Systems, Inc.,

                Defendant.
------------------------------------------------------X

Civil Action No.:

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Nancy Adams (hereinafter referred to as, "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, as and for her Complaint against Defendant Commercial Recovery Systems, Inc. (hereinafter referred to as "Defendant"), respectfully sets forth as follows:

## INTRODUCTION

1. This is an action for damages and declaratory judgment brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter referred to as, "FDCPA").

2. Plaintiff brings suit based on the unfair, abusive, and deceptive practices employed by Defendant in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

3. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331.

4. Supplemental jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

6.     Venue in this District is proper in that the Defendant transacts business here and the conduct complained arose here pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

7.     Plaintiff is a natural person and resident of the State of Georgia, County of Jacksonville.

8.     Plaintiff maintains her residence at 6 East Dogwood Drive, Jacksonville, Georgia 31544.

9.     At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

10.    Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of Georgia, with its principal place of business located at 8035 East R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228.

11.    Upon further information and belief, Defendant's principal purpose is the collection of debts alleged to be due to others.

12.    Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

13.    Upon information and belief, Defendant's registered agent, C T Corporation System, maintains their office address at 1200 South Pine Island Rd, Plantation, Florida, 33324.

14.    Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as, " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

15. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## **FACTUAL ALLEGATIONS**

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. In 2007, Plaintiff co-signed on a loan to purchase a vehicle with her spouse, Mr. Christopher Goodwin.

18. Plaintiff and her spouse subsequently divorced.

19. As a part of the divorce proceeding, Plaintiff became obligated to remit the monthly sum of two hundred dollars ($200.00) until the Alleged Debt is satisfied.

20. Plaintiff has complied with, and continues to make the required payments.

21. However, Plaintiff began receiving phone calls from Defendant demanding higher payments than the court ordered payment plan to be made on the Alleged Debt.

22. Plaintiff has not defaulted on her payment, and she was being pressured into making higher payments.

23. On or about June 7, 2012, Defendant sent Plaintiff a letter informing her that it is collecting on the Alleged Debt.

24. A true copy of the June 7, 2012 letter is annexed hereto, and incorporated herein, as Exhibit A.

25. The letter did not include a validation notice as required by 15 U.S.C §1692g.

26. In or around October 2012, Plaintiff started receiving phone calls from Defendant's representative Melissa Morgan .

27. Melissa Morgan called Plaintiff repeatedly at her place of business to discuss a "settlement agreement", and to warn her that she will be held in contempt of a court order if she does not comply with the agreement.

28. Plaintiff told Defendant numerous times to stop contacting her on her business phone, but the calls persisted.

29. Plaintiff did not provide her business telephone number to Defendant at any point, nor to the original creditor.

30. Despite Plaintiff requesting Defendant to cease communications at her place of employment, Defendant continued to call her there.

31. On or around January 3, 2013 Defendant called Plaintiff and began demanding higher payments on the debt.

32. Defendant escalated the demand to include threats that if higher payments were not made, then Defendant will seek to place a judgment against her, seek wage garnishment, and place a lien on her business if she did not settle for $3,850.

33. As of this present date, Defendant has not placed a judgment or lien against Plaintiff's business, nor has it garnished her wages.

34. Defendant threatened to take legal actions against Plaintiff with no intention of following through.

35. Defendant's willful actions constitute a violation of the Fair Debt Collection Practices Act and Plaintiff is, therefore, entitled to an award of damages, costs and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant violated 15 U.S.C. §1692c(a)(3) in that Defendant placed several phone calls to Plaintiff's place of employment after it knew that Plaintiff was not allowed to receive at work.

38.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA

## SECOND CAUSE OF ACTION
## Violation of 15 U.S.C. § 1692d(2)

39.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40.     Defendant's conduct violated 15 U.S.C. §1692d(2) in that the Defendant used abusive language in its communication with the Plaintiff, when it threatened Plaintiff that she will be held in contempt of court if she fails to make a payment..

41.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692e (4))

42.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "41" above with the same force and effect, as if the same were set forth at length herein.

43.     Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692e(4) by threatening that nonpayment of the Alleged Debt will result in the seizure of Plaintiff's property and the garnishment of Plaintiff's wages.

44.     Defendant's willful actions constitute a violation of the Fair Debt Collection Practices Act and Plaintiff is, therefore, entitled to an award of damages, costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C 1692§ e(5))

45.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "44" above with the same force and effect, as if the same were set forth at length herein.

46.     Defendant violated the Fair Debt Collections Practice Act 15 U.S.C §1692e(5) by threatening to take action that cannot be taken and that was not intended to be taken insofar as Defendant has not garnished Plaintiff's wages, nor placed a lien on Plaintiff's business property.

47. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorneys' fees pursuant to the relevant provision of the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

48.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the alleged debt when it misrepresented the consequences of not paying the debt, and deceptively trying to collect more than the court order.

50.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 1692f

51.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52.     Defendant violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect a debt by making threats that they were not allowed to and placing Plaintiff in a state of apprehension.

53.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

54.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55.     Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law when it tried to collect the Alleged Debt which Plaintiff does not recall owing.

56.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA

## EIGHTH CAUSE OF ACTION
## (Violation of 15 U.S.C 1692g)

57.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered"1" through "56" above with the same force and effect, as if the same were set forth at length herein.

58.  Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C §1692g by failing to include in the written validation notice communicating to Plaintiff a statement of her statutory rights as provided for under §1692g.

59. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorneys' fees pursuant to the relevant provision of the FDCPA.

## DEMAND FOR TRIAL BY JURY

60. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nancy Adams demands judgment from the Commercial Recovery Systems, Inc. as follows:

A.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.   For a declaration that the Defendant's practices violated the FDCPA; and,

D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        April 24, 2013

> Respectfully submitted,
>
> By:   _s/ Jerald A. Belofsky_____
>        Jerald A. Belofsky, Esq.
>        Fredrick Schulman & Associates
>        Attorneys at Law
>        Attorney for Plaintiff
>        30 East 29th Street
>        New York, New York 10016
>        (212) 796-6053
>        (212) 951-7379
>        info@fschulmanlaw.com